UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FATIMA KUKIC and JASMIN SAHMANOVIC,

|  |  |
|---|---|
|  | **COMPLAINT** |
| Plaintiffs, | **Docket No.:** 18-cv-04629 |
| -against- | Jury Trial Demanded |

ROMAD REALTY LLC, and HHRMC LLC,
and DAVID KORNITZER, individually,
and HARRY HIRSCH, individually,

Defendants.
-------------------------------------------------------------------X

Plaintiffs, FATIMA KUKIC ("Kukic") and JASMIN SAHMANOVIC ("Sahmanovic"), (collectively, where appropriate, as "Plaintiffs"), by and through their attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for their Complaint against ROMAD REALTY LLC ("Romad"), HHRMC LLC ("HHRMC"), DAVID KORNITZER ("Kornitzer"), individually, and HARRY HIRSCH ("Hirsch"), individually, (collectively, where appropriate, as "Defendants"), allege upon knowledge as to themselves and their own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1. This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiffs' rights collectively guaranteed to them by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 141-1.4; (iv) the minimum wage provisions of the NYLL and

NYCCRR, NYLL § 652, 12 NYCCRR § 141-1.2 and § 141-1.3; (v) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (vi) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2.     Plaintiffs, a married couple, both worked for Defendants - - two limited liability companies that operated as Plaintiffs' joint employer to own and manage residential apartment buildings throughout New York, and their owners and day-to-day overseers - - as a porter and live-in superintendent, respectively, from July 2016 to February 14, 2017.

3.     Romad is the owner of residential apartment buildings located throughout New York, including the forty-eight unit building where Plaintiffs worked and live located at 2205 Davidson Avenue, Bronx, New York 10453 ("the Building").   Kornitzer is the President of Romad, and in that capacity makes all managerial decision for the Building.

4.     HHRMC is a management and consulting company for several residential buildings in New York City, including the Building, and Hirsch is its owner and day-to-day overseer.

5.     First, Defendants required Plaintiff Kukic to work seventy-seven hours per week as a porter but paid her only a flat salary of $700 per week.   Thus, Defendants failed to pay Kukic at the rate of one and one-half times her regular rate of pay for all hours that she worked in excess of forty each week, in violation of the FLSA's and the NYLL's overtime requirements, as well as the NYLL's minimum wage provisions for the portion of her employment spanning from December 31, 2016 through February 14, 2017.

6.      Second, Defendants, while also requiring Plaintiff Sahmanovic to work at least seventy-seven hours per week as a live-in superintendent, and often times more, did not pay Sahmanovic any wages, and thus not at a rate that equaled or exceeded the minimum wage under the FLSA or the minimum wage rate per unit in the Building under the NYLL, nor did Defendants pay Sahmanovic any compensation, and thus not overtime compensation at the rate of at least one and one-half times the FLSA's minimum wage rate for all hours that he worked in excess of forty each week, in violation of the FLSA's overtime provisions.

7.      Third, Defendants failed to provide Plaintiff Kukic with accurate wage statements and Plaintiff Sahmanovic with any wage statements, let alone accurate ones, on each payday, as the NYLL requires.

8.      Fourth, Defendants failed to provide Plaintiffs with any wage notice, let alone an accurate one, at the time of their hire, as the NYLL requires.

## JURISDICTION AND VENUE

9.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq.*  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

10.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

11.     At all relevant times herein, Plaintiffs worked for Defendants in New York and were "employees" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

12.     At all relevant times herein, Defendant Romad was and is a New York limited liability company with its principal place of business located at 225 Beaumont Street, Brooklyn, New York 11235.

13.     At all relevant times herein, Defendant HHRMC was and is a New York limited liability company with its principal place of business located at 428 Central Avenue, Cedarhurst, New York 11516.

14.     At all relevant times herein, Defendant Kornitzer was and is the owner of Defendant Romad.  In that capacity, Defendant Kornitzer oversaw the day-to-day operations of Romad, and was ultimately responsible for all matters with respect to the terms of employment of Romad's employees, including Plaintiffs.  To that end, Defendant Kornitzer had the power to hire and fire all Romad employees, supervise and control employee work schedules and conditions of employment, and was responsible for maintaining employment records.  In fact, Defendant Kornitzer, jointly with Hirsch and on behalf of all Defendants, did in fact hire and fire Plaintiffs.

15.     At all relevant times herein, Defendant Hirsch was and is the owner of Defendant HHRMC.  In that capacity, Defendant Hirsch oversaw the day-to-day operations of HHRMC, and was ultimately responsible for all matters with respect to the terms of employment of HHRMC's employees, including Plaintiffs.  To that end, Defendant Hirsch had the power to hire and fire HHRMC's employees, supervise and control employee work schedules and conditions of employment, and was responsible for maintaining employment records.  In fact, Defendant Hirsch, jointly with Kornitzer and on behalf of all Defendants, did in fact hire and fire Plaintiffs.

16.     At all relevant times herein, Defendants were jointly Plaintiffs' "employers" within the meaning of the FLSA and the NYLL.  Additionally at all relevant times, Defendants

4

Romad's and HHRMC's qualifying annual business exceeded $500,000, and Defendants Romad and HHRMC were engaged in interstate commerce within the meaning of the FLSA as they employed two or more employees, and on a daily basis, purchased products and utilized goods, such as tools, building materials, and cleaning supplies that travel across state lines, the combination of which subjects Defendants to the overtime and minimum wage requirements of the FLSA as an enterprise.

## BACKGROUND FACTS AS RELEVANT TO BOTH PLAINTIFFS

17.     Defendant Romad owns residential apartment buildings, including the forty-eight unit Building.

18.     Defendant Kornitzer is the President of Defendant Romad, and in that capacity makes all managerial decision for the Building.

19.     Defendant HHRMC is a New York-based real estate firm that develops and manages apartment buildings throughout New York City, also including the Building.

20.     Defendant Hirsch is the owner and day-to-day overseer of Defendant HHRMC.

21.     Defendants Romad and HHRMC collective hired and fired Plaintiffs, determined Plaintiffs' work schedules and pay, and assigned work to Plaintiffs with respect to the maintenance, cleanliness, and operation of the Building.

22.     Each hour that Plaintiffs worked was for all Defendants' benefit.

23.     Defendants acted in the manner described herein so as to minimize their labor costs and overhead while maximizing their profits.

## INDIVIDUAL BACKGROUND FACTS

### *Plaintiff Kukic*

24.     Defendants employed Plaintiff Kukic to work as a porter in the Building from July 2016 to February 14, 2017.  Throughout her employment, Kukic's duties consisted of, but were not limited to, cleaning the interior and exterior of the Building and disposing of all garbage.

25.     Throughout her employment, Defendants required Kukic to work seven days a week, from 7:00 a.m. until 7:00 p.m., with a one-hour break each day, for a total of seventy-seven hours per week.

26.     Throughout her employment, Defendants paid Kukic a flat weekly salary of $700.00, which was meant to compensate her for her first forty hours of work per week only, and which amounts to an hourly rate of pay of $17.50.  Defendants paid Plaintiff Kukic nothing for her time worked each week in excess of forty hours.

27.     Additionally, from December 31, 2016 to February 14, 2017, Defendants paid Plaintiff Kukic at a rate below the effective minimum wage for all hours worked.

28.     By way of example only, during the weeks of January 14 through January 20, 2017 and January 21 through January 27, 2017, Plaintiff Kukic, with a one-hour lunch break each day, worked from 7:00 a.m. to 7:00 p.m. on each day.   Thus, during those weeks, Defendants required Kukic to work, and she did in fact work, seventy-seven hours per week. During those weeks, Defendants paid Kukic $700.00, amounting to a regular rate of pay of $17.50 per hour for her first forty hours.  Defendants paid Kukic nothing for the thirty-seven hours that she worked over forty per week.  Additionally, Defendants paid Kukic at a rate below New York's effective minimum wage rate those weeks for all hours worked.

29.     Defendants paid Plaintiff Kukic on a weekly basis.

30.     On each occasion when Defendants paid Plaintiff Kukic, Defendants failed to provide her with a wage statement that accurately listed, *inter alia*, her actual hours worked for that week, or an accurate listing of her hours worked to be paid at the overtime rate of pay.

31.     Additionally, Defendants did not provide Plaintiff Kukic with any wage notice at the time of her hire, let alone one that accurately contained, *inter alia*, Plaintiff Kukic's rates of pay as designated by the employer.

### *Plaintiff Sahmanovic*

32.     Defendants employed Plaintiff Sahmanovic to work as a live-in superintendent in the Building from July 2016 to February 14, 2017.

33.     Throughout his employment, Plaintiff Sahmanovic's duties consisted of, *inter alia*, ensuring the cleanliness of the common areas, responding to tenant complaints and concerns at all hours of the night on any day of the week, repairing and painting walls, door, and ceilings, and installing and repairing cabinets, sinks, and other fixtures.

34.     Defendants required Plaintiff Sahmanovic to live in an apartment unit in the Building as a term and condition of the job.

35.     Throughout his employment, Defendants scheduled Plaintiff Sahmanovic to work, and he did in fact work, seven days per week, from 7:00 a.m. through 7:00 p.m., with a one-hour break each day, for a total of seventy-seven hours per week.  Moreover, Defendants frequently required Sahmanovic to address emergency situations after his regularly-scheduled shift ended. Indeed, Defendants' tenants often called Sahmanovic past his scheduled hours and at all hours of the night to tend to tenant concerns and emergency maintenance issues, such as leaks or toilet clogs, which required immediate attention.  Thus, Plaintiff Sahmanovic often worked well in excess of his regularly-scheduled hours.

36.     Throughout his employment, Defendants failed to pay Plaintiff Sahmanovic any wages for any hours that he worked.

37.     By way of example only, during the week of September 10 through September 16, 2016, Defendants required Plaintiff Sahmanovic to work, and Sahmanovic did work, the following schedule, with a one hour break during each day worked:

Saturday: 7:00 a.m. until 8:00 p.m.

Sunday: 7:00 a.m. until 9:00 p.m.

Monday: 7:00 a.m. until 12:00 a.m.

Tuesday: 7:00 a.m. until 10:00 p.m.

Wednesday: 7:00 a.m. until 12:30 a.m.

Thursday: 7:00 a.m. until 2:00 a.m.

Friday: 7:00 a.m. until 12:30 a.m.

Thus, Sahmanovic worked 106 hours during this week.  In exchange for that work, Defendants failed to pay Sahmanovic any wages.

38.     By way of second example only, during the week of January 14 through January 20, 2017, Defendants required Plaintiff Sahmanovic to work, and Sahmanovic did work, the following schedule, with a one hour break during each day worked:

Saturday: 7:00 a.m. until 10:00 p.m.

Sunday: 7:00 a.m. until 12:00 a.m.

Monday: 7:00 a.m. until 12:00 a.m.

Tuesday: 7:00 a.m. until 12:00 a.m.

Wednesday: 7:00 a.m. until 11:30 p.m.

Thursday: 7:00 a.m. until 12:00 a.m.

Friday: 7:00 a.m. until 10:30 p.m.

Thus, Sahmanovic worked 108 hours during this week.  In exchange for that work, Defendants failed to pay Sahmanovic any wages.

39.     Defendants were required to pay Plaintiff Sahmanovic, a manual worker, on at least as frequently as a weekly basis.

40.     In failing to pay Plaintiff Sahmanovic any wages, Defendants failed to provide Sahmanovic, on at least as frequently as a weekly basis, with any statements, let alone ones that accurately reflected his rates of pay and the number of units in Sahmanovic's Building.

41.     Additionally, Defendants did not provide Sahmanovic with any wage notice at the time of his hire, let alone one that accurately contained, *inter alia*, Sahmanovic's rates of pay and their basis (e.g. unit rate, number of units per building) as designated by the employer and the name and telephone number of the employer.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
#### *Unpaid Overtime Under the FLSA*

42.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

44.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiffs are employees within the meaning of the FLSA.

45.     As also described above, Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

46.     Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater.

47.     Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
**ON BEHALF OF SAHMANOVIC ONLY**
*Unpaid Minimum Wages Under the FLSA*

48.     Plaintiff Sahmanovic repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49.     29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.

50.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff Sahmanovic is an employee within the meaning of the FLSA.

51.     As also described above, Defendants did not compensate Plaintiff Sahmanovic at least at the minimum hourly rate required by the FLSA for all hours worked.

52.     At the least, Plaintiff Sahmanovic is entitled to the minimum rate of pay required by the FLSA for all hours worked.

53.     Plaintiff Sahmanovic is also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's minimum wage provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
**ON BEHALF OF PLAINTIFF KUKIC ONLY**
*Unpaid Overtime Under the NYLL and the NYCCRR*

54.     Plaintiff Kukic repeats, reiterates, and re-alleges each and every allegation set forth above with the same for and effect as if more fully set forth herein.

10

55.     NYLL § 160 and 12 NYCCRR § 141-1.4 require employers to compensate their employees in the building service industry at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

56.     As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff Kukic is an employee within the meaning of the NYLL and the NYCCRR.

57.     As also described above, Plaintiff Kukic worked in excess of forty hours per week, yet Defendants failed to compensate her in accordance with the NYLL's and the NYCCRR's overtime provisions.

58.     Plaintiff Kukic is entitled to her overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times her regular rate of pay.

59.     Plaintiff Kukic is also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's overtime provisions.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Minimum Wages Under the NYLL and the NYCCRR*

60.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

61.     N.Y. Lab. Law § 652 and 12 NYCCRR § 141-1.3 prescribe a minimum wage that employers must pay to their employees in the building service industry for each hour worked.

62.     N.Y. Lab. Law § 652 and 12 NYCCRR § 141-1.2 prescribe a minimum rate per unit in a building that employers must pay to their live-in superintendents on a weekly basis.

63.     As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

64.     As also described above, Defendants did not compensate Plaintiff Kukic at the effective minimum hourly rate required by the NYLL and NYCCRR for all hours worked from December 31, 2016 through February 14, 2017.

65.     As further described above, Defendants did not compensate Plaintiff Sahmanovic at the minimum rate per unit in the Building per week required by the NYLL and NYCCRR.

66.     At the least, Plaintiff Kukic is entitled to the minimum rate of pay required by the NYLL and NYCCRR for all hours worked from December 31, 2016 through February 14, 2017, and Plaintiff Sahmanovic is entitled to the minimum rate per unit in the Building per week required by the NYLL and NYCCRR.

67.     Plaintiffs Kukic and Sahmanovic are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCCRR's minimum wage provisions.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish Proper Wage Statements in Violation of the NYLL*

68.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

69.     NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

70.     As described above, Defendants, on each payday, failed to furnish Plaintiff Kukic with accurate wage statements containing the criteria required under the NYLL.

71.     As also described above, Defendants, on at least as frequently as a weekly basis, failed to furnish Plaintiff Sahmanovic with any wage statements, let alone ones that accurately contained the criteria required under the NYLL.

12

72.     Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiffs in the amount of $250 for each workday after each violation occurred, up to a statutory cap of $5,000 each.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

73.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

74.     NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

75.     As described above, Defendants failed to furnish Plaintiffs with any wage notices at hire, let alone ones accurately containing all of the criteria required under the NYLL.

76.     Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiffs in the amount of $50 for each workday after each violation initially occurred, up to a statutory cap of $5,000 each.

### DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury in this action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

a.     A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b.     An order restraining Defendants from any retaliation against Plaintiffs for participation in any form in this litigation;

c.     All damages that Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs would have received but for Defendants' unlawful payment practices;

13

       d.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

       e.      Awarding Plaintiffs their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, as well as their reasonable attorneys' fees;

       f.      Pre-judgment and post-judgment interest, as provided by law; and

       g.      Granting Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: Great Neck, New York
       May 24, 2018

                           Respectfully submitted,
                           BORRELLI & ASSOCIATES, P.L.L.C.
                           *Attorneys for Plaintiffs*
                           1010 Northern Boulevard, Suite 328
                           Great Neck, New York 11021
                           Tel. (516) 248-5550
                           Fax. (516) 248-6027

By:     _____
                           JOAN B. LOPEZ (JL 4337)
                         ALEXANDER T. COLEMAN (AC 1717)
                         MICHAEL J. BORRELLI (MB 8533)